COMMONWEALTH *vs.* AQUILES ENCARNACION (and a companion case[1]). No. 94-P-674. June 2, 1995. *Practice, Criminal,* New trial. *Entrapment. Controlled Substances.*

The defendants, Encarnacion and Estrella, appeal from the denial of their joint motion for a new trial. Mass.R.Crim.P. 30(b), 378 Mass. 900 (1979). The defendants (together with two codefendants who are not involved in this appeal) were convicted in 1992 of trafficking in more than 200 grams of cocaine in violation of G. L. c. 94C, § 32E. The convictions were affirmed in *Commonwealth v. Collazo,* 34 Mass. App. Ct. 79 (1993), where a comprehensive statement of facts can be found. On March 14, 1994, the defendants, who appeared pro se in this case, moved for a new trial, claiming, for the first time, that (1) they were entrapped by the misconduct of the undercover police officer, (2) certain letters, marked only for identification to prove one of the codefendants could speak English, were prejudicially used as evidence, and (3) their convictions were based only upon "a pile of inferences."

In denying the motion, the judge, who was also the trial judge, stated, "The court refuses to act on the motion for the reason that it raises no question which could not have been raised in the original appeal."[2] We affirm.

A judge considering a motion for a new trial has discretion not to rehear nonconstitutional issues that could have been raised on direct appeal, but

[1]Commonwealth *vs.* Hermenejildo Estrella.

[2]The defendants argue that the motion judge failed to make findings of fact in his ruling. There is no merit to the argument. See *Commonwealth* v. *Hamm,* 19 Mass. App. Ct. 72, 75 (1984).

the exercise of that power should be restricted to those "extraordinary cases" where "upon sober reflection, it appears that a miscarriage of justice might otherwise result." *Commonwealth* v. *Gagliardi*, 418 Mass. 562, 565 (1994), cert. denied, 115 S. Ct. 753 (1995), quoting from *Commonwealth* v. *Watson*, 409 Mass. 110, 112 (1991). Here, the judge (who, as we have said, was the trial judge) declined to review the issues raised in the motion. The significance of the judge's refusal to address the merits of the issues raised by the defendants was eliminated by *Commonwealth* v. *Curtis*, 417 Mass. 619, 624-626 (1994), which held that the standard of review is the same whether or not the judge addressed the substance of the motion. That standard is whether the denial of the motion for a new trial, if not reversed, will result in manifest injustice. *Commonwealth* v. *Gagliardi*, *supra* at 565.[3]

For the reasons stated below, we are persuaded that the affirmance of the denial of the defendants' motion will not result in manifest injustice, and thus we affirm the judgment.

1. *Entrapment.* The defendants claim that they were entrapped by the undercover police officer. "The threshold for a defendant to raise the entrapment issue is low, but the defendant must show more than mere solicitation." *Commonwealth* v. *Tracey*, 416 Mass. 528, 536 (1993). *Tracey* lists "the types of conduct which have gone beyond a mere request and possessed indicia of inducement: aggressive persuasion, coercive encouragement, lengthy negotiations, pleading or arguing with the defendant, repeated or persistent solicitation, persuasion, importuning, and playing on sympathy or other emotion." *Ibid.*

There was no evidence of such conduct in this case. The defendants claim that five days prior to the transaction involving these defendants, the undercover officer failed to arrest one of the codefendants after the codefendant sold the undercover officer twenty-eight grams of cocaine. That failure, the defendants argue, "consists of overt entrapment." There is no merit to the argument. "The decisions of law enforcement officers regarding whether, when, how, and whom to investigate, and whether and when to seek warrants for arrest are based on considerations of, and necessarily affect, public policy. So long as they are within the bounds of the law, and therefore within the officers' discretion, they are public policy decisions." *Sena* v. *Commonwealth*, 417 Mass. 250, 256 (1994). See *Commonwealth* v. *Harvard*, 356 Mass. 452, 459-460 (1969).

We also note that at trial, both defendants testified that they were in East Boston (the scene of the drug activity) to buy a used car, and each defendant denied that he had any knowledge of a drug deal. Neither asser-

---

[3]Compare *Commonwealth* v. *Curtis*, *supra* at 624 n.4, where the court refers to the "substantial risk of a miscarriage of justice" standard and *Commonwealth* v. *Watson*, *supra* at 112, where the court refers simply to "miscarriage of justice." We do not believe that the court intended a substantive difference by using different phraseologies in *Gagliardi*, *Curtis*, and *Watson*.

tion makes out a case of entrapment, contrast *Commonwealth* v. *Tracey*, 416 Mass. at 535 n.9, and the asserted retroactivity of *Tracey* to the collateral review undertaken in these proceedings falls away as an issue.

We conclude that affirming the judgment carries no substantial risk of a miscarriage of justice regarding the defendants' new claim of entrapment.

2. *Letters marked for identification only.* The letters at issue, written by a codefendant in English, were used on cross-examination merely to show that the defendant could speak English. They were marked for identification only, and, so marked, did not go to the jury, as the defendants appear to assert. See *Commonwealth* v. *Collazo*, 34 Mass. App. Ct. at 86.

3. *Basis for conviction.* The defendants' final claim is that their convictions were based solely upon inferences. The judge gave lengthy instructions regarding the elements of the charges against the defendants, the jury's role in deciding the credibility of witnesses, and the Commonwealth's burden of proving each element of the offense beyond a reasonable doubt. We perceive no risk of a miscarriage of justice on this claim.

The denial of the motion for a new trial must be affirmed.

*So ordered.*

The case was submitted on briefs.

*Aquiles Encarnacion*, pro se, & *Hermenejildo Estrella*, pro se.

*Scott Harshbarger*, Attorney General, & *Gail McKenna*, Assistant Attorney General, for the Commonwealth.